UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \*

CAROLINA DIAZ,

Plaintiff(s),

v.

G. DAVID RICHARDSON, et al.,

Defendant(s).

Case No. 2:17-CV-2246 JCM (VCF)

ORDER

Presently before the court is plaintiff Carolina Diaz's motion for default judgment as to defendant Octaform, Inc. ("Octaform"). (ECF No. 18). Octaform did not file a response and the time to do so has passed.

Also before the court is Diaz's motion for default judgment as to defendant David Richardson. (ECF No. 19). Richardson did not file a response and the time to do so has passed.

Also before the court is Richardson and Octaform's (collectively "defendants") motion to set aside default. (ECF No. 20). Diaz filed a response (ECF No. 23), to which defendants replied (EF No. 24).

**I.     Facts**

On August 24, 2017, Diaz initiated this action against Richardson, Octaform, and Octaform Systesm, Inc., asserting six causes of action: (1) hostile work environment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e; (2) employment discrimination in violation of NRS 613.330; (3) negligence; (4) assault; (5) battery; and (6) intentional infliction of emotional distress. (ECF No. 1).

In brief terms, the complaint alleges that Richardson constructively terminated Diaz by subjecting her to sexual harassment. *Id*. Defendants contend that this action is a retaliatory

lawsuit for a separate trade secrets case that Octaform Canada is currently litigating against Diaz and other individuals. (ECF No. 20).

Defendants also represent that after Diaz initiated this lawsuit, the parties engaged in a months-long meet-and-confer concerning the merits of this action. *Id*. Defendants purportedly engaged in these discussions in order to persuade Diaz to dismiss frivolous claims or amend the complaint. *Id*. At no point during these discussions did defendants file an answer or otherwise respond to the complaint.

On April 17, 2018, Diaz moved for entry of clerk's default without serving defendants. (ECF Nos. 13, 14). On May 22, 2018, the clerk entered default. (ECF No. 17). On November 8, 2018, Diaz filed two motions for default judgment without serving defendants. (ECF Nos. 18, 19).

On March 14, 2019, defendants eventually learned that the clerk had entered default and Diaz was seeking default judgment. (ECF No. 20). Now, defendants move to set aside clerk's default. *Id*.

## II.   **Legal Standard**

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . ." Fed. Ru. Civ. P. 55(c). To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotes and citation omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*.

While the court considers the same factors prior to vacating an entry of default as it would for a default judgment, the test is less stringent when the court has not entered default judgment. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Indeed, "[t]he court's discretion is especially broad where . . . it is entry of default that is being

set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

### III. Discussion

Defendants did not engage in culpable conduct because they were conferring with Diaz in good faith regarding the merits of this action and incorrectly believed that Diaz had abandoned her claims. *See Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092 (holding that culpable conduct requires acting with bad faith). Defendants have also provided email communications between the parties showing various meritorious defenses to plaintiff's claims. *See* (ECF No. 20-2).

The court also notes that Diaz obtained clerk's entry of default without providing notice to defendants. (ECF Nos. 13, 14, 17). Allowing Diaz to proceed on her motions for default judgment under these circumstances would be fundamentally unfair and result in greater harm than simply delaying resolution of this case. *See Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1095 ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.").

In consideration of the foregoing, the court finds good cause to grant defendants' motion to set aside clerk's entry of default.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Diaz's motion for default judgment as to Octaform (ECF No. 18) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Diaz's motion for default judgment as to Richardson (ECF No. 19) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Richardson and Octaform's motion to set aside default (ECF No. 20) be, and the same hereby is, GRANTED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that Richardson and Octaform shall file their responses to the complaint within ten (10) days from the date of this order.

DATED April 24, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -