# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \*

CAROLINA DIAZ,

                Plaintiff(s),

v.

G. DAVID RICHARDSON, et al.,

                Defendant(s).

Case No. 2:17-CV-2246 JCM (VCF)

ORDER

Presently before the court is defendants Octaform, Inc. and G. David Richardson (collectively "defendants")[1] motion to dismiss or, in the alternative, for summary judgment. (ECF No. 26). Plaintiff Carolina Diaz ("plaintiff") filed a response, (ECF No. 28), to which defendants replied (ECF No. 34).

## I. Background

The instant action arises from alleged sexual harassment plaintiff suffered at the hands of defendant Richardson. (ECF No. 1). Plaintiff alleges that, prior to her employment with Octaform, Inc., Richardson made inappropriate, sexual comments to plaintiff and attempted to touch her breasts at a company Christmas party. *Id.* at 4. As an employee of Octaform, Inc., plaintiff sat next to Richardson at a business dinner in April 2016. *Id.* Richardson subjected plaintiff "to repeated and unwelcomed sexual advances, inappropriate touching, and harassment," including placing his hand on plaintiff's thigh, moving his hand up her leg, and touching the outside of her underwear covering her genitalia. *Id.*

---

[1] Octaform Systems, Inc. has not been served and has not appeared in this action. The court issued a notice of intent to dismiss pursuant to Fed. R. Civ. P. 4(m) on December 29, 2017. (ECF No. 9). However, Rule 4(m), by its own terms, "does not apply to service in a foreign country."

1    Plaintiff resigned from Octaform, Inc. in May 2016, after she heard that Richardson would be vising the Las Vegas office. *Id.* at 5. Plaintiff alleges that "the conditions of [her] employment were intolerable" and that her resignation constitutes a constructive discharge. *Id.*

Defendants now move to dismiss, arguing that Octaform, Inc. is not subject to 42 U.S.C. § 2000e because it does not have the statutorily-required 15 employees. (ECF No. 26).

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to

relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, the court construes the instant motion as one to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), rather than one for summary judgment under Rule 56. "[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). The Supreme Court noted that "[t]his requirement in turn is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* at 250 n.5.

As defendants themselves note, "[t]his case has not been extensively litigated in this [c]ourt. Plaintiff has yet to initiate a Rule 26(f) discovery planning conference, no scheduling order has issue[d], and a trial date has not yet been set." (ECF No. 34 at 9). Similarly, discovery has not opened, and the parties have not made any disclosures. Accordingly, summary judgment is premature.

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

A. *Plaintiff's federal claim*

Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, expressly prohibits employers[2] from "discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). This general prohibition extends to sexual harassment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986). Courts recognize two form of sexual harassment. *Ellison v. Brady*, 924 F.2d 872, 875 (9th Cir. 1991). First, there are "quid pro quo" cases, where "employers condition employment benefits on sexual favors." *Id.* Alternatively, Title VII plaintiffs may bring "hostile environment" cases, where employees work in offensive or abusive environments. *Id.*

Here, plaintiff brings a single claim under federal law: hostile work environment arising from sexual harassment in violation of 42 U.S.C. § 2000e. (ECF No. 1). To prevail on a hostile work environment claim, plaintiff must prove three elements: "1) she was subjected to verbal or physical conduct of a sexual nature, 2) this conduct was unwelcome, and 3) the conduct was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1527 (9th Cir. 1995), *as amended* (Apr. 24, 1995) (quoting *Ellison,* 924 F.2d at 875–76).

Although defendants "believe this is a frivolous and wholly fabricated sexual harassment case"—tacitly denying that the alleged sexual misconduct occurred—they do not expressly deny plaintiff's allegation that Richardson placed his hand on her thigh, moved his hand up her leg, and touched the outside of her underwear covering her genitalia. (ECF Nos. 26; 34). Further, on a motion to dismiss, the court takes the allegations in plaintiff's complaint as true. Thus, the court finds that plaintiff was subject to physical conduct of a sexual nature and that conduct was unwelcome, satisfying the first two elements of her claim.

---

[2] Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b). Although the parties dispute whether Octaform, Inc. and Octaform Systems, Inc. should be considered an integrated enterprise to meet the statutory 15-employee threshold, the court need not decide this issue. For the purposes of this motion, the court assumes, without deciding, that the 15-employee requirement is met.

The court turns to the third element of plaintiff's claim: whether the conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive working environment. This element requires both subjective[3] and objective severity, as the Supreme Court explained in *Harris v. Forklift Sys. Inc.*:

> Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993). "[T]he objective portion of the claim is evaluated from the reasonable woman's perspective." *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002) (citing *Ellison,* 924 F.2d at 879–80).

"[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances." *Harris,* 510 U.S. at 23. The Supreme Court articulated several factors for the court to consider: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*

The Ninth Circuit has further clarified that "the required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct." *Ellison*, 924 F.2d at 878. Thus, while alleging a single instance of sexual harassment does not bar a hostile work environment claim *per se,* "[i]f a single incident can ever suffice to support a hostile work environment claim, the incident must be extremely severe." *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000).

The Ninth Circuit's discussion and holding in *Brooks* is instructive. *See id.* In *Brooks*, the plaintiff, a telephone dispatcher, alleged that the defendant (her supervisor) "placed his hand on her stomach and commented on its softness and sexiness" while she was taking a 911 call and, after plaintiff pushed him away, "positioned himself behind [her] chair, boxing her in

---

[3] Plaintiff's allegations satisfy the subjective standard, particularly because she bring an intentional infliction of emotional distress claim under state law. (*See generally* ECF No. 1).

against the communications console as she was taking another 911 call." *Id.* at 921. Defendant then "forced his hand underneath her sweater and bra to fondle her bare breast" and indicated that plaintiff did not "have to worry about cheating" on her husband because he would "do everything." *Id.*

Despite the severity of this conduct and the fact that the supervisor-defendant had sexually harassed other female employees, the Ninth Circuit held that the single instance of sexual harassment Brooks suffered was insufficient to support a hostile work environment claim. *See generally id.* The court discussed other cases and found that the supervisor's conduct was "akin to that reported in cases where plaintiff was held *not* to have alleged harassment severe enough to support a hostile work environment claim." *Id.* at 926 (collecting cases).

On the other hand, the court discussed another case, *Al-Dabbagh v. Greenpeace, Inc.*, from the Northern District of Illinois, in which:

> a single incident was held to be sufficient where the assailant "slapped [plaintiff], tore off her shirt, beat her, hit her on the head with a radio, choked her with a phone cord and ultimately forced her to have sex with him." The perpetrator held the victim captive overnight; when she finally managed to escape, she had to be hospitalized for her injuries.

*Id.* (quoting *Al-Dabbagh v. Greenpeace, Inc.*, 873 F. Supp. 1105 (N.D. Ill. 1994), *supplemented* (Dec. 21, 1994), *supplemented,* No. 94 C 4941, 1995 WL 12518 (N.D. Ill. Jan. 11, 1995)) (alteration in original).

Like the Northern District of Illinois in *Al-Dabbagh*, the Ninth Circuit held in *Little* that plaintiff could sustain a hostile work environment claim after she was violently raped by a client at a business meeting three times in the course of a single evening and her employer's "subsequent actions reinforced rather than remediated the harassment." *Little*, 301 F.3d at 967.

Here, plaintiff alleges only two incidents of sexual harassment. The first occurred at a company Christmas party, which plaintiff attended as a guest prior to beginning her employment with defendants. (ECF No. 1 at 4). The second is the alleged touching at the business dinner during plaintiff's employment. *Id.*

**James C. Mahan**
**U.S. District Judge**

- 6 -

First, the court finds that Richardson's conduct at the Christmas party could not have altered the conditions of plaintiff's employment and create an abusive working environment, *Fuller*, 47 F.3d at 1527, because plaintiff was not yet an employee of the company (ECF No. 1 at 4). Thus, the court is left with a single instance of sexual harassment, which must be "extremely severe" to support plaintiff's claim.

The court finds that Richardson's conduct at the business dinner is analogous to the supervisor's conduct in *Brooks*. Both were single instances of sexual harassment involving unwelcomed physical contact. Neither instance "permeated" the workplace or affected the plaintiff's day-to-day responsibilities. Indeed, plaintiff in this case returned to work under the belief that Richardson rarely, if ever, returned to the Las Vegas office. This case is certainly less egregious than the plaintiff in *Al-Dabbagh*, who was beaten, raped, and held captive.

Plaintiff attempts to distinguish her case from *Brooks*, arguing that Richardson's conduct at the Christmas party means that his conduct at the business dinner was not an "isolated incident." (ECF No. 28 at 8). Plaintiff further argues that she—unlike the plaintiff in *Brooks*— "reasonably feared that she would be subject to future sexual harassment by Richardson given the two prior incidents and the fact that, because Richard was the [p]resident and owner of [Octaform], nothing would be done about his behavior." *Id.*

To the extent the court considers Richardson's conduct at the Christmas party, the court's analysis is unchanged because Richardson's conduct at the Christmas party is analogous to the supervisor's conduct toward other female employees in *Brooks*; neither Richardson nor the *Brooks* supervisor were first-time sexual harassers. Nonetheless, the Ninth Circuit held that such conduct could not support plaintiff's hostile work environment claim. Similarly, the court now holds that Richardson's conduct—whether a single or even second instance of sexual harassment—is insufficient to support plaintiff's claim.

The court considers plaintiff's second argument. In *Brooks*, the plaintiff immediately reported her supervisor's conduct. Here, however, plaintiff did not report Richardson's conduct. While her concern is understandable, it does not intrinsically make Richardson's conduct at the business dinner severe enough to overcome *Brooks*. Although she believed that "nothing would

James C. Mahan
U.S. District Judge

- 7 -

be done about his behavior" because he was the president and owner, Octaform, Inc. would have had a duty to remedy the situation if she had reported the incident. *See, e.g. Little*, 301 F.3d at 968; *Fuller*, 47 F.3d at 1528–29; *Ellison*, 924 F.2d at 882.

The Ninth Circuit noted in *Brooks* that the "holding in no way condones [defendant's] actions. Quite the opposite: The conduct of which Brooks complains was highly reprehensible." *Brooks*, 229 F.3d at 927. So, too, here. The court finds that plaintiff has failed to state a claim for hostile work environment, regardless of whether Richardson's conduct was highly reprehensible. Accordingly, the court grants defendants' motion to dismiss as to this claim.

### B. Plaintiff's state-law claims

Pursuant to 28 U.S.C. § 1367, the court may exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367. Section 1367(a) provides that where a district court has original jurisdiction over a civil case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction pursuant to § 1367 includes "claims that involve the joinder or intervention of additional parties." *Id.* However, the district court may decline its right to exercise supplemental jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)–(4).

Here, the court has dismissed plaintiff's single federal cause of action. As a result, 28 U.S.C. § 1367(c)(3) applies, and the court declines to exercise supplemental jurisdiction over plaintiff's claims. Dismissal of plaintiff's state law claims is appropriate. Accordingly, defendants' motion is granted.

James C. Mahan
U.S. District Judge

- 8 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 26) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's first cause of action—hostile work environment arising from harassment based on plaintiff's gender in violation of 42 U.S.C. § 2000e—be, and the same hereby is, DISMISSED with prejudice.

IT IS FURTHER ORDERED that plaintiff's second, third, fourth, and fifth causes of action be, and the same hereby are, DISMISSED for lack of jurisdiction.

The clerk is instructed to enter judgment and close the case accordingly.

DATED March 12, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**